SHAWN N. ANDERSON
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant United States Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Facsimile: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 17-00053 |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| WILFREDO LEE LOPEZ, | |
| Defendant. | |

The United States is recommending that defendant receive the mandatory minimum term of imprisonment of one hundred and twenty months for the offenses of Attempted Enticement of a Minor and Transfer of Obscenity to a Minor.

## I. STATEMENT OF FACTS

On October 30, 2017, defendant Wilfredo Lee Lopez (Lopez) responded to a Craigslist advertisement posted by "Brit." Defendant Lopez asked "Brit" "How old are you?" "Brit" responded that she was 13. Lopez then responded that he could get into trouble for talking to a 13 year old child. Nevertheless, Lopez stated that he liked to do "naughty things" but was scared because "Brit" was so young. Lopez stated that he was interested in teaching "Brit" "naughty adult stuff." Lopez' conversations with "Brit" quickly became sexually explicit. Lopez conversed with "Brit" when she was alone and unsupervised. Lopez attempted to persuade, induce and entice "Brit"

to engage in sexual activity. Lopez asked "Brit" to send him photographs wearing only a bra. Lopez appeared to be attempting to introduce and de-sensitize "Brit" to sexual activity using graphic, sexually explicit language and images.

During the conversations, Lopez sent "Brit" two images of his erect penis. Lopez asked "Brit" what she thought of the images and asked her what she would do to his penis when they meet. Lopez asked "Brit" if she would touch what she saw in the images and video. Lopez continued to persuade "Brit" to send him sexually explicit photographs of herself. Lopez also sent "Brit" a video of himself masturbating.

During the conversations with "Brit," Lopez used an alias to conceal his identity. Lopez identified himself to be "Chris Bain." Later, Lopez encouraged "Brit" to message him on Facebook using his account name "Blake Johnson." Lopez proposed meeting "Brit" at several locations, to include a lookout, at a playground, at the beach, at the Base Exchange, and at the Anderson Air Force Base Library.

On November 14, 2017, Lopez proposed to meet "Brit" at the Anderson Air Force Base Library. Lopez instructed "Brit" to wear a dress and not wear underwear. He stated that he would wear shorts with no underwear. Immediately after this attempted meeting, Lopez became cautious and instructed "Brit" to delete all but their most recent conversations so they could remain in contact.

Lopez proposed to meet "Brit" at her residence. He asked "Brit" if she would engage in sexual acts with him. Lopez asked "Brit" if she would permit him to ejaculate in and on her body. He asked "Brit" if she was menstruating. Lopez sent "Brit" another image of his erect penis. Lopez drove to "Brit's" home address where he was arrested by Air Force Office of Special Investigations Officers.

## II. PRESENTENCE INVESTIGATION REPORT

The government has no exceptions or objections to the presentence investigation report. (Doc. No. 69).

## III. SENTENCING CALCULATIONS

<u>Count 1 – Attempted Enticement of a Minor</u>

The base offense level for Attempted Enticement of a Minor in violation of Title 18 U.S.C. § 2422(b) is 28. *See* U.S.S.G. § 2G1.3(a)(3). The Defendant's offense level was increased by two levels for use of a computer and e-mail account to persuade, induce, entice, coerce or facilitate the travel of the minor. *See* U.S.S.G. § 2G1.3(b)(3). Defendant's adjusted offense level for this offense is 30.

The base offense level for Transfer of Obscenity to a Minor in violation of Title 18 U.S.C. § 1470 is 10. See U.S.S.G. § 2G3.1(a). The Defendant's offense level was increased by seven levels because the offense involved distribution to a minor intended to persuade, induce, entice, coerce or facilitate the travel of the minor to engage in prohibited sexual conduct. *See* U.S.S.G. § 2G1.3(b)(E). The Defendant's offense was increased by two levels because of the use of a computer. *See* U.S.S.G. § 2G3.1(b)(3). Defendant's adjusted offense level for this offense is 19.

The guideline that produced the highest offense level is 30. Lopez's criminal history category is I (97-121 months). The statutorily required minimum sentence for Attempted Enticement of a Minor is imprisonment not less than 10 years or for life. The guideline range for all counts is the mandatory minimum term for Attempted Enticement of a Minor, which is 10 years imprisonment.

## IV. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In *United States v. Booker*, the Supreme Court excised the provisions that made the Guidelines mandatory, and thus "made the Guidelines effectively advisory." *United States v.*

UNITED STATES' SENTENCING MEMORANDUM

3

Case 1:17-cr-00053 Document 73 Filed 12/11/18 Page 3 of 7

*Booker*, 125 S.Ct. 738, 756-57 (2005). As modified, the Sentencing Reform Act now "requires a sentencing court to consider Guideline ranges, *see* 18 U.S.C. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Id*. at 757. Further, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id*. at 767; *See* 18 U.S.C. § 3553(a)(4)(5). "[T]he Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deference, [and] protect the public...." *Id*. at 765; *See* 18 U.S.C. § 3553(a)(2). In *United States v. Zavala*, 443 F.3d 1165 (9th Cir. 2006), the Ninth Circuit reiterated that the Guidelines are the starting point for a district court in determining a reasonable sentence. *Id.* at 1169. A district court, however, must not accord more weight to the Guidelines than the other Section 3553(a) factors. *Id*. at 1171.

The Government addresses each of the Section 3553(a) factors as follows:

1. <u>Nature and circumstances of the offense and the history and characteristics of the defendant</u>:

This case involves two offenses, the Attempted Enticement of a Minor, in violation of 18 U.S.C. §§ 2422(b) and 2, and Transfer of Obscenity to a Minor, in violation of 18 U.S.C. §§ 1470 and 2. The Indictment contains a Notice of Forfeiture.

The gravamen of Attempted Enticement of a Minor offense, is the attempted inducement. Defendant attempted to persuade, induce or entice "Brit," a person he believed to be under the age of 18, to engage in sexual activity. Lopez took substantial steps toward the commission of the crime. These substantial steps corroborated his intent to persuade, induce and entice "Brit" to engage in sexual activity.

The offense of Transfer of Obscenity to a Minor involves sending obscene material to a person believed to be below the age of 16. The Defendant knowingly transferred images of his penis to a person less than sixteen years of age using any means of interstate commerce. The three-

part test for determining whether material is obscene is taken from *Miller v. California*, 413 U.S. 15, 24 (1973) and *Pope v. Illinois*, 481 U.S. 497, 500–01 (1987).

Defendant Lopez initiated sexually graphic conversations with "Brit." He described the sexual acts he would like to perform with the minor, and proposed a rendezvous to perform those sexual acts. The images he sent to "Brit" are obscene. Defendant Lopez has attempted to groom a 13 year old child "Brit" and sexualized their relationship. Defendant has engaged in acts that prey on what he believed to be a very young child using computers to facilitate the offense. The Government requests the Court impose a sentence that considers that the Defendant attempted to harm a child of tender years. The Government requests that the Court impose a sentence that will protect children and combat computer-facilitate crimes against children.

2. <u>Need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense</u>:

The Defendant was involved in activity targeting what he believed to be a 13 year old child. A sentence of one hundred and twenty months will reflect the seriousness of the offense, promote respect for the law and provide just punishment.

3. <u>Need for sentence imposed to afford adequate deterrence to criminal conduct</u>:

The Defendant must be deterred from committing additional crimes. Deterrence will only occur by imposing a sentence adequate to deter Defendant and others from attempting to sexualize and induce young children to engage in sexual activity.

4. <u>Need for sentence imposed to protect the public from further crimes of the Defendant</u>:

A term of imprisonment of one hundred and twenty months imprisonment will be sufficient to protect the public from further crimes of the Defendant.

5. <u>Need for sentence imposed to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in most effective manner</u>:

UNITED STATES' SENTENCING MEMORANDUM
5
Case 1:17-cr-00053   Document 73   Filed 12/11/18   Page 5 of 7

The Defendant will be able to avail himself of corrective treatment at the Bureau of Prisons.

6. <u>The kinds of sentences available</u>:

The sentence range is within Zone D. Thus, alternative sentences are not available.

7. <u>The kinds of sentence and the sentence range established under the Guidelines</u>:

The Guidelines provide for a term of imprisonment in this matter. (Adjusted Offense Level 30, Criminal History Category I, 97-121 months). However, there is a statutorily required mandatory minimum sentence of 10 years imprisonment. The Government recommends the Court impose one hundred and twenty months, or 10 years imprisonment. This proposed imprisonment term is fair and reasonable given the Defendant's relevant conduct to the current offense.

8. <u>Any pertinent policy statements issued by the Sentencing Commission</u>:

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>:

A term of one hundred and twenty months imprisonment is consistent with that applicable to similarly situated defendants and will therefore not create disparities among defendants convicted of similar crimes.

10. <u>Need to provide restitution to any victims of the offense</u>:

Restitution is not an issue in this case.

## V. CONCLUSION

For the foregoing reasons, the Defendant should be sentenced to incarceration for one hundred and twenty months imprisonment for the offenses of Attempted Enticement of a Minor, in violation of 18 U.S.C. §§ 2422(b) and 2, and Transfer of Obscenity to a Minor, in violation of 18 U.S.C. §§ 1470 and 2.

The Government submits that such a sentence is appropriate and reasonable given the mandatory minimum term, the applicable Guideline range and the factors set forth in 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED this 11th day of December, 2018.

                                              SHAWN N. ANDERSON
                                              United States Attorney
                                              Districts of Guam and the NMI

By:  /s/ Rosetta L. San Nicolas
      ROSETTA L. SAN NICOLAS
      Assistant U.S. Attorney